UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMMIE ROBERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2277 DDN |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action is before the Court following oral arguments, heard on July 11, 2018, on the motion of defendant Target Corporation for summary judgment. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

Plaintiff Jammie Roberson commenced this action against defendant Target Corporation in the Circuit Court of St. Louis County. Defendant removed the case based upon 28 U.S.C. §§ 1332(a)(1) and 1441(a).

Defendant's motion states the following relevant facts. On July 25, 2016, plaintiff entered defendant's store in Brentwood, Missouri. She walked down the aisles looking for the item she needed. As she walked, she was looking upwards at the signs to point her towards the item she sought. She also glanced at the shelving during her search. As she was looking at the shelves and turning the corner, she was not paying attention to the floor. She tripped on a silver metal endcap at the bottom of the aisle shelving. The coloring of the area beneath this endcap is red, white, and black. Plaintiff alleges she sustained injuries due to the fall and has incurred and will continue to incur medical

expenses for treatment of the injuries. Defendant argues it is entitled to summary judgment because the endcap upon which plaintiff tripped was open and obvious as a matter of law.

## **DISCUSSION**

Summary judgment is appropriate "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770 (8th Cir. 2012); *see also* Fed. R. Civ. P. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A dispute is genuine if the evidence may prompt a reasonable jury to return a verdict for either the plaintiff or the defendant, and it is material if it would affect the resolution of a case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 252 (1986); *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011). If reasonable minds could differ as to the import of the evidence, then summary judgment is not appropriate. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

Under Missouri law, the plaintiff in a negligence action must establish that the defendant owed her a duty of care, that defendant breached that duty, and that this breach was the proximate cause of plaintiff's injury. *Lopez v. Three Rivers Elec. Corp.*, 26 S.W.3d 151, 155 (Mo. banc 2000). The duty owed by the owner of the premises to an invitee is the exercise of reasonable and ordinary care to keep the premises safe. *Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo. Ct. App. 2000). To prove the defendant did not exercise reasonable and ordinary care, an injured invitee must prove four elements: (1) that there was a dangerous condition on defendant's property that involved an unreasonable risk; (2) that the defendant knew, or should have known by using ordinary care, of this dangerous condition; (3) that by not removing the danger or warning the invitee about the condition, defendant failed to use ordinary care; and (4) that the invitee was injured as a result of the condition. *Rycraw*, 28 S.W.3d at 499. When the condition is so open and obvious that it is reasonable to expect the invitee would discover

it and realize the danger, a property owner does not breach the applicable standard of care. *Harris v. Niehaus*, 857 S.W.2d 222, 226 (Mo. 1993) (en banc).

The parties dispute whether the endcap was an open and obvious condition. If it was, defendant did not breach the standard of care owed to plaintiff.

Missouri courts define an open and obvious condition as one that is conspicuously noticeable. *See Hellmann v. Droege's Super Market, Inc.*, 943 S.W.2d 655, 657-68 (Mo. Ct. App. E.D. 1997) (whether ice on a parking lot is open and obvious given winter storms the week before is a jury issue); *Harris*, 857 S.W.2d at 227 (sloping road leading to lake is open and obvious); *Seymour v. Lakewood Hills Ass'n*, 927 S.W.2d 405, 410 (Mo. Ct. App. 1996) (tree located in the middle of the road was "clearly visible from the end of the street" even though driver backed truck into tree); *Heffernan v. Reinhold*, 73 S.W.3d 659, 666 (Mo. Ct. App. 2002) (twelve-foot deep and fifteen-foot wide ditch is open and obvious). The invitee does not need to actually see the condition for it to be open and obvious. *See Crow v. Kansas City Power & Light Co.*, 174 S.W.3d 523, 537 (Mo. Ct. App. 2005) (overhead electric power line was open and obvious even when plaintiff didn't actually see it, because it was easily observable and would have been reasonable for him to see); *see also Peterson v. Summit Fitness, Inc.*, 920 S.W.2d 928, 933 (Mo. Ct. App. 1996) (pool wall that was thirty feet long and four feet above the ground open and obvious, even when plaintiff did not see it before falling over it).

Factors that make the condition less conspicuous militate against finding that condition open and obvious. For example, Missouri courts are less likely to find a condition open and obvious if it is small, *see Smith v. Callaway Bank*, 359 S.W.3d 545, 547 (Mo. Ct. App. W.D. 2012) (lava rock the size of a coin that plaintiff tripped over is not open and obvious); or if it blends into its surroundings, *see Lacy v. Wright*, 199 S.W.3d 780, 784 (Mo. Ct. App. 2006) (finding concrete parking bumper not open and obvious because it was the same color as the lot and partially covered with snow); *Underwood v. Target Corp.*, No. 1:12 CV 35 LMB, 2013 WL 6801260, at *4 (E.D. Mo. Dec. 23, 2013) (condition not open and obvious as a matter of law when plaintiff tripped over an endcap with a similar color to the floor); or if the condition is in an area where

invitees are distracted by other activities or conditions, *see Bartel v. Central Markets, Inc.*, 896 S.W.2d 746, 748 (Mo. Ct. App. 1995) (uneven sidewalk outside grocery store not open and obvious when customers come out laden with groceries or other items).

Plaintiff relies on *Underwood* to oppose defendant's claim that the endcap in this case was open and obvious as a matter of law. In *Underwood*, this District Court found that when a plaintiff was distracted and tripped over an endcap that was short, small, the same color as the floor, and did not have merchandise above it, the condition was not open and obvious as a matter of law. 2013 WL 6801260, at *4. Like in *Underwood*, the endcap here was short, small, and did not have merchandise on it. Unlike *Underwood*, it was a different color than the floor and surrounding shelves. But the Court is not convinced that the greater contrast in color alone renders the endcap open and obvious as a matter of law. Given the smallness of the endcap, the lack of merchandise to prompt plaintiff's attention to the condition, and the distractions in the store, a jury could reasonably find that the condition is not open and obvious. Accordingly, this question should be submitted to the jury as the triers of fact. *See Hellman v. Droege's Super Market, Inc.*, 943 S.W.2d at 659; *Rebstock v. Evans Production Engineering Co., Inc.*, No. 4:08 CV 01348 ERW, 2009 WL 3401262, at *5 (E.D. Mo. Oct. 20, 2009).

Upon the Court's review of the record, there is a genuine dispute over whether the endcap was open and obvious. The resolution of this dispute is for a jury at trial.

Therefore,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (Doc. 29) is denied.

                                              /S/   David D. Noce
                                      **UNITED STATES MAGISTRATE JUDGE**

Signed on July 12, 2018.