UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMMIE ROBERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2277 DDN |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER GRANTING MOTION TO COMPEL

This matter is before the Court on the motions of defendant Target Corporation to compel discovery (Docs. 41 and 45). Oral arguments were heard on October 29, 2018, following which the parties produced the deposition of the plaintiff and her Social Security disability file for in camera review.

Defendant Target Corporation seeks an order compelling plaintiff to produce two sources of medical records or sign authorizations for disclosure of those medical records. The first is for the official Social Security Administration file of plaintiff's application(s) for disability benefits under the Social Security Act, and the second is for the medical records of Dr. Michael Smelser (described as plaintiff's primary care doctor). Plaintiff objected to the requests, because their scopes were unlimited in time and as to medical condition. Plaintiff would limit the records to those relating to plaintiff's right foot.

In her complaint, plaintiff alleges that her slip and fall on defendant's premises on July 25, 2016, caused her to suffer serious and permanent injuries. She also alleges that defendant's negligence caused her to suffer an impaired and diminished capacity for work, labor, and pleasure. In her deposition, plaintiff indicated she has suffered substantial injury to her right foot and experiences tingling and numbness in that foot

"continually, every day," and also that she has been determined to be disabled by the Social Security Administration due to complications from liver disease. (Doc. 46, Ex. 1).

Under Missouri law, medical records are protected by the physician-patient testimonial privilege codified in Rev. Stat. Mo. § 491.060(5). *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995). However, by bringing this lawsuit, plaintiff put her physical condition into issue and thereby waived the physician-patient to the extent the subject medical records bear on the issue. *Id.* While the pleadings in a case may limit the scope of permissible disclosure of otherwise privileged medial records, *id.*, the record of this action indicates that plaintiff alleges she has suffered substantial injuries, ones that greatly limit her ability to work. Further, she has applied for and received a determination of disabled under the Social Security Act. The receipt of disability benefits under the Social Security Act requires her allegation of and the agency's determination of her total disability.[1] The Court's review of plaintiff's Social Security file reveals that she included in her disability application the loss of feeling in her feet. Defendant is entitled to know what condition(s) may contribute to plaintiff's claim of reduced earning capacity.

However, a defendant's request for medical records, to avoid being too broad, must be limited to a relevant period and directed to specific, relevant sources. *State ex rel. Jones v. Syler*, 936 S.W.2d 805, 808 (Mo. banc 1997); *cf.*, *State ex rel. Fennewald v. Joyce*, 533 S.W.3d 220, 222-23 (Mo. banc 2017). The Court grants defendant's motion to compel, but limited by the principles acknowledged above.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Target Corporation's motions to compel production of materials from plaintiff (Docs. 41 and 45) **are sustained,** in that,

---

[1] To be entitled to Social Security disability benefits, among other facts, a claimant must prove she is unable to perform any substantial gainful activity in the national economy due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last at least twelve continuous months. 42 U.S.C. § 423(a)(1)(D), (d)(1)(A)

2

following the filing of an agreed protective order, plaintiff (1) must produce or authorize the production to defendant of all her medical records from Dr. Michael Smelser regarding her right foot condition for the period of July 25, 2011, to the present; and (2) must also produce or authorize the production to defendant of all medical reports and records plus any agency ruling in her Social Security Administration disability file(s).

                                                /s/ David D. Noce
                                     **UNITED STATES MAGISTRATE JUDGE**

Signed on February 12, 2019.